ACCEPTED
03-16-00230-CV
10897417
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/31/2016 3:31:15 PM
JEFFREY D. KYLE
CLERK

## NO. 03-16-00230-CV

## IN THE COURT OF APPEALS
## FOR THE THIRD DISTRICT OF TEXAS
## AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/31/2016 3:31:15 PM
JEFFREY D. KYLE
Clerk

### TEXAS HALO J4T MANAGEMENT, LLC, ET AL.
*Appellant,*

### vs.

### DAVID STEAKLEY, ET AL
*Appellees.*

_____

### On Appeal from the
### 98th Judicial District Court, Travis County, Texas
### Trial Court Cause No. D-1-GN-15-004109

_____

### HALO FUND MANAGER APPELLEES' OPPOSITION TO
### APPELLANT'S "NOTICE OF INTENT TO DISMISS"

_____

REAGAN D. PRATT
State Bar No. 00788218
Pratt & Flack, LLP
1331 Lamar, Suite 1250
Houston, Texas  77010
Telephone:  (713) 936-2402
Facsimile:  (713) 481-0231

*Attorneys for Appellees David Steakley,*
*Andrew Clark, William Wheelock, and*
*Robert Tucci*

Appellees David Steakley, Andrew Clark, William Wheelock, and Robert Tucci (the "Halo Fund Managers") ask the Court to not dismiss this appeal until Appellant has had an opportunity to consider the waiver offered herein.

**Background Facts**

Appellant Victor Elgohary is a serial *pro se* litigant who happens to be an attorney. He has filed at least 15 lawsuits on his own behalf over the last few years. This is at least the fourth time that Elgohary has personally sued someone for allegedly defaming him, and at least the third time that he has asserted personal claims against a non-profit corporation while purporting to bring the suit derivatively on behalf of the non-profit. Two of his prior defamation suits were, just like this one, against former co-workers who allegedly questioned his competence and professionalism. Despite sanctions and attorneys' fees awards issued against him in prior suits, Elgohary continues to abuse the courts with vindictive litigation.

This time, Elgohary purported to sue on behalf of Houston Angel Network, Inc. ("HAN"),[1] a non-profit, volunteer-run corporation; an affiliated entity, Texas Halo Fund I, LLC ("Halo Fund"), and two of Halo Fund's subsidiaries. He claimed to have authority to act for those entities even though he had held no office with HAN since it declined to renew his officer position in January 2014, and he

---

[1] HAN has recently changed its name to "The Houston Texas Angel Network, Inc."

was removed from any roles with the Halo Fund entities—by the unanimous vote of all those voting—in April 2015. He filed this suit in retribution for that firing, naming as defendants all 14 of the real directors and managers of those entities.

The Appellants identified above as the Halo Fund Managers are the real Halo Fund managers, who had successfully sought Elgohary's removal from the board of managers.

Elgohary also purported to sue derivatively on behalf of the Halo entities, based on the fact that he is one of 67 members of the Halo Fund.

### The Trial Court Judgment

The Defendants challenged Elgohary's suit with a Rule 12 motion to show authority, plea to the jurisdiction and motion to dismiss. After an evidentiary hearing, the trial court granted the Defendants' motions. The court ordered that Elgohary could not appear as an attorney in this cause, and that his pleadings should be stricken. The court expressly found that Elgohary lacked standing to sue derivatively on behalf of any of the purported plaintiff entities "because he cannot fairly and adequately represent the interests of any of those entities in a derivative lawsuit," and because he did not make an adequate written demand to the entities before filing the suit. *See* Exhibit A.

3

**Elgohary's "Notice of Intent to Dismiss"**

On May 13, 2016, the clerk of this court wrote to Elghoary about his failure to pay for the clerk's record that he had asked the district clerk to prepare. The clerk notified Elgohary that his failure to make payment arrangements might result in the dismissal of his appeal.

Elgohary responded on May 18, advising the Court that he no longer wished to pursue this appeal because "Appellants" have refiled certain claims in Harris County District Court, and "have also made a new derivative demand upon certain Appellees." By "Appellants," Elgohary apparently means himself, personally.

**The Halo Fund Managers Waive Reliance on
Elgohary's Failure to Make Demand**

Elgohary apparently believes that by dismissing this appeal he can avoid the collateral estoppel effect of the trial court's finding that "he cannot fairly and adequately represent the interests of any of [the subject] entities in a derivative lawsuit." By making a "new derivative demand," he apparently believes that he can re-litigate the issue of his suitability as a derivative plaintiff, in a new venue.

Elgohary's understanding of the law of collateral estoppel in incorrect. To avoid any doubt, however, the Halo Fund Managers hereby waive any argument in this appeal that the trial court's order as to Elghohary's lack of standing to bring a derivative action against them can be sustained solely on his failure to make an adequate written demand. The Halo Fund Managers stipulate, for the purpose of

4

this appeal, that the trial court's order as to Elghohary's lack of standing to bring derivative claims against them should be affirmed only on the basis that Elgohary cannot fairly and adequately represent the interests of any of the subject entities in a derivative lawsuit.

## Request for Elgohary to Have an Opportunity to Respond

In light of this waiver and stipulation, the Halo Fund Managers ask the court to give Elgohary a further opportunity to decide whether he wants to continue this appeal, or dismiss it.

Respectfully Submitted,

PRATT & FLACK LLP

By: */s/ Reagan D. Pratt*
    Reagan D. Pratt
    State Bar No. 00788218
    4306 Yoakum Blvd., Suite 500
    Houston, Texas 77006
    Telephone: (713) 936-2402
    Facsimile: (713) 481-0231
    Email: rpratt@prattflack.com

    **Attorney for Appellees,**
    **David Steakley, et al.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing to be served on the following counsel of record on this the 27th day of May, 2016.

Victor S. Elgohary
6406 Arcadia Bend Court
Houston. TX 77041
Telephone:  281-858-0014
Email:  victor@velgohary.com

Mitchell D. Savrick
David A. Buono II
The Overlook at Gaines Ranch
4330 Gaines Ranch Loop, #150
Austin TX 78735
Email:  mitchell@ssjmlaw.com
Email:  david@ssjmlaw.com

Thomas A. Zabel
Zabel Freeman
1135 Heights Boulevard
Houston, TX 77008
Email: tzabel@zflaw.com

*/s/ Reagan D. Pratt*
Reagan D. Pratt

CAUSE NO. D-1-GN-15-004109

| | | |
|---|---|---|
| TEXAS HALO J4T MANAGEMENT, | § | IN THE DISTRICT COURT OF |
| LLC, et al. | § | |
| | § | |
| vs. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| HOUSTON ANGEL NETWORK, INC., | § | |
| et al. | § | 98TH JUDICIAL DISTRICT |

### ORDER ON DEFENDANTS'
### MOTIONS TO SHOW AUTHORITY, PLEAS TO THE JURISDICTION,
### and MOTIONS TO DISMISS

On this day came to be heard the Defendants' Motions to Show Authority, Pleas to the Jurisdiction and Motions to Dismiss.

The Court finds that Victor Elgohary has not sustained his burden of proving that he has been authorized, by any of the entities named as plaintiffs in this cause, to file suit on behalf of those entities. Therefore, pursuant to Rule 12 of the Texas Rules of Civil Procedure, it is

ORDERED that Victor Elghohary may not appear as attorney in this cause. It is further

ORDERED that the pleadings filed by Victor Elgohary in this cause be STRICKEN.

In addition and alternatively, the Court finds that Victor Elghohary lacks standing to bring any of the claims described in his pleadings. Among other things, Elgohary lacks standing (either individually or derivatively) to assert claims on behalf of any of the entities for which he purports to sue (Texas Halo J4T Management, LLC, Texas Halo J4T Affiliate Fund, LLC, Texas Halo Fund I, LLC, and Houston Angel Network, Inc.) because he lacks authority to act on behalf of those entities; because he has no individual standing to assert claims for damages allegedly done to those entities; because he cannot fairly and adequately represent the interests of any of those entities in a derivative lawsuit, due to his personal claims against the entities for damages



- 1 -

and attorneys' fees; because he did not make an adequate written demand to the entities before filing this purported derivative suit; and, with respect to two of those entities, because those entities never bought or sold the securities which are the subject to their purported claims.

Accordingly, the Defendants' Pleas to the Jurisdiction and Motions to Dismiss are GRANTED. It is therefore

ORDERED that all claims of all purported plaintiffs are DISMISSED for lack of subject matter jurisdiction.

This is a final judgment, disposing of all parties and all claims. Any and all relief sought in this case and not granted herein is denied.

Signed this _13_ day of ~~December 2015.~~ _January 2016_

_____
Judge Presiding